**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **CRAIG CESAL,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **2:02-CR-0030-RWS-JCF-1** |
| **UNITED STATES,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **2:19-CV-0134-RWS-JCF** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Movant's recently filed 28 U.S.C. § 2255 motion. (Mot. to Vacate, Doc. 477). For the reasons discussed below, the motion must be dismissed.

In June 2008, the Court denied Movant's original § 2255 motion challenging his 2003 Judgment and Commitment under the above criminal docket number. (Order of June 18, 2008, Doc. 396). In September 2018, the Court clarified to Movant that his original Judgment and Commitment is in full force and effect. (Order

of Sept. 28, 2018, Doc. 472).[1] In his instant § 2255 motion, Movant again attacks his 2003 Judgment and Commitment. (Mot. to Vacate).

Movant is confined under the 2003 Judgment and Commitment, and any second challenge thereto is successive. See Patterson v. Sec'y, Florida Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017) (discussing the difference between a successive challenge to "the judgment authorizing confinement" versus a non-successive challenge to a new judgment). The instant motion must be dismissed because it is a successive § 2255 motion which attacks the same Judgment and Commitment that Movant previously challenged, and the Court has no authority to consider it. Movant first must get permission from the Eleventh Circuit Court of Appeals before a

---

[1] The Court notes that in 2016, on motion under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, filed on Movant's behalf without his authorization, the Court reduced Movant's sentence. (Order of Aug. 22, 2016, Doc. 428; see USCA Op. at 2-3, Doc. 466). Movant appealed and argued that the District Court erred in reducing his sentence when Movant had not authorized the motion to reduce his sentence. (See USCA Op. at 6). The Eleventh Circuit Court of Appeals found no prohibition to Movant opposing the sentence reduction, vacated the District Court's Order reducing Movant's sentence, and issued its mandate. (Id. at 7; J. of USCA, Doc. 468). The Court made the Eleventh Circuit Court of Appeals' mandate the judgment of this Court, (Order of June 20, 2018, Doc. 470), and clarified to Movant, that the Order granting relief under Amendment 782 was now vacated and that his "original Judgment and Commitment [Doc. No. 302] is in full force and effect." (Order of Sept. 28, 2018 at 1-2).

successive § 2255 motion can be filed in the district court. See 28 U.S.C. § 2255(h); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A certificate of appealability is not warranted because it is not debatable that Movant must obtain permission from the Eleventh Circuit Court of Appeals before filing another § 2255 motion in this Court. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11.

Accordingly,

**IT IS RECOMMENDED** that the instant § 2255 motion, (Doc. 477), be **DISMISSED** and that a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**SO RECOMMENDED and DIRECTED**, this 9th day of July, 2019.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

3