IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

CRAIG CESAL,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

CRIMINAL ACTION NO.
2:02-CR-0030-RWS-1

CIVIL ACTION NO.
2:19-CV-0134-RWS

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant 28 U.S.C. § 2255 motion to vacate be denied as successive. [Doc. 478]. Movant has filed his objections in response to the R&R. [Docs. 482].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

The procedural history relevant to the § 2255 motion is fairly lengthy. In 2003, a jury sitting in this Court convicted Movant of conspiracy to possess with intent to distribute marijuana. At sentencing, this Court determined that the base offense level was 36, based on at least 10,000 but less than 30,000 kilograms of marijuana and imposed several enhancements under the Guidelines, resulting in an adjusted offense level of 44, which, in combination with Movant's criminal history category of I, resulted in a guideline range of life imprisonment. This Court imposed a life sentence.

The Eleventh Circuit affirmed Movant's conviction and sentence. [Doc. 350]. The Supreme Court later granted certiorari and vacated the decision in light of Booker v. United States, 543 U.S. 220 (2005). Cesal v. United States, 545 U.S. 1101 (2005). On remand, the Eleventh Circuit reinstated its previous opinion and affirmed Movant's conviction and sentence. [Doc. 350].

On November 3, 2006, Movant filed a § 2255 motion, [Doc. 374], which this Court denied on June 18, 2008. [Doc. 396]. Both this Court and the Eleventh Circuit declined to issue a certificate of appealability, and the Eleventh Circuit later denied Movant's application to file a second or successive § 2255 motion. [Doc. 424].

Approximately ten years later, in August 2016, the Federal Defender Program, Inc., and the Government filed a joint motion informing this Court that Movant was eligible for a sentence reduction under § 3582(c)(2) and Amendment 782 to the guidelines. The parties explained that Amendment 782 lowered Movant's base

2

offense level by two levels from 36 to 34, resulting in an amended guideline range of 360 months to life imprisonment. The parties recommended that Movant receive a 360-month sentence. This Court granted the motion and reduced Movant's sentence to 360 months. [Doc. 428].

Movant then sent a letter informing this Court that he did not authorize the joint motion for a reduction of his sentence that was filed on his behalf and that he had been representing himself pro se since 2005. This Court then issued an order, [Doc. 429], in which it memorialized a conversation it had with the Federal Defender and the Government, in which the Federal Defender represented that she believed, in error, that she had received Movant's consent to file the motion for reduction of sentence. This Court indicated that it would not take any further action without Movant's consent and noted that Movant had not asked the court to set aside the order reducing his sentence. Instead of responding to this Court, Movant filed an appeal, arguing that the Government, in an effort to undermine his petition for executive clemency, engaged in prosecutorial misconduct by recruiting the Federal Defender to file a motion for reduction of sentence under § 3582(c)(2) without Movant's approval. He also argued that this Court lacked authority to reduce his sentence because he did not authorize the Federal Defender or the Government to file a § 3582(c)(2) motion on his behalf.

AO 72A
(Rev.8/82)

The Eleventh Circuit issued an opinion, [Doc. 466], in which it (1) determined that Movant was clearly entitled to the sentence reduction, (2) was not persuaded that the Government engaged in misconduct, (3) determined that nothing prevented Movant from opposing the sentence reduction, and (4) vacated this Court's order reducing Movant's sentence. This Court duly made the Eleventh Circuit's mandate the order of this Court, [Doc. 467], which means that Movant is now serving the life sentence imposed in the Judgment and Commitment entered on October 3, 2003.

Movant next filed the now-pending § 2255 motion. In the R&R, the Magistrate Judge points out that Movant has already sought relief under § 2255 to challenge his 2003 judgment. Because Movant remains subject to that judgment, his motion is successive, and pursuant to § 2255(h), this Court may not consider his motion unless he first obtains permission from the Eleventh Circuit Court of Appeals. Accordingly, the motion must be denied.

In his objections, Movant contends that this Court's order vacating his reduced sentence is a new final judgment and that his motion is thus not successive. However, Movant has failed to cite case law that supports his contention. In its own search, this Court could not find case law directly on point, but Johnson v. Sec'y, Dept. of Corrections, 717 Fed. Appx. 896 (11th Cir. 2017), strongly suggests that Movant's argument is incorrect. In Johnson, the Eleventh Circuit concluded that a 28 U.S.C. § 2254 petition was successive even though the state court had altered his sentence

4

after Johnson had filed his first petition. The original judgment had not changed, and "the only judgment authorizing Petitioner's confinement is the original judgment entered in 1983." Id. at 898. Having considered the matter, this Court concludes that Movant remains subject to the original 2003 judgment, and as a result his § 2255 motion is successive.

Having so concluded, however, this Court informs Movant that, while there is no guarantee, there is a possibility that the Government might not oppose this Court again reducing his sentence to 360 months. This Court understands that Movant might not be inclined to seek a reduction as that might foil his opportunity to obtain clemency, but his chances for obtaining clemency are uncertain, at best. As a result, this Court is willing to entertain a motion for a reduction of sentence.

For the reasons stated above, the R&R, [Doc. 478] is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 477], is **DENIED** as successive. The Clerk is **DIRECTED** to close civil action number 2:19-CV-0134-RWS.

**IT IS SO ORDERED**, this 3rd day of October, 2019.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5